# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AVERY DALLAPIAZZA,

        Petitioner,

v.                                              **Case No. 04-C-58**

MATTHEW FRANK,
Secretary, Department of Corrections,

        Respondent.

## ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

Avery Dallapiazza ("Dallapiazza") is a prisoner incarcerated pursuant to a state court judgment. On January 20, 2004, he filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case was randomly assigned to this court and all parties have consented to the full jurisdiction of a magistrate judge.

This court previously screened Dallapiazza's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and ordered the respondent to answer the petition as to each of the four grounds for relief raised by the petitioner.

The petitioner presents four grounds for relief in his petition. His first ground for relief alleges that his guilty plea is constitutionally defective due to lack of voluntariness because the trial court misinformed the defendant as to the maximum possible sentence. The second ground for relief alleges that the guilty plea is constitutionally defective because the trial court failed to properly address consecutive versus concurrent sentencing exposure. The third ground for relief alleges that his guilty plea was constitutionally defective because the trial court failed to properly address the elements of the crimes to which the defendant was pleading guilty. The petitioner

alleges that the first three grounds also raise ineffective assistance of counsel issues. The fourth ground for relief alleges prosecutorial misconduct for overriding the Wisconsin legislature's clear and unambiguous identification of "causing great bodily injury" by intoxicated use of a motor vehicle as a specific criminal act.

**ANALYSIS**

The judgment of conviction in this case was entered on February 23, 1999. Dallapiazza did not pursue a direct appeal and so his conviction became final on March 15, 1999. See Wis. Stat. § 809.30(2)(b). Thus, pursuant to 28 U.S.C. § 2244(d)(1), Dallapiazza had until March 15, 2000 to file this habeas petition. Dallapiazza did not file this petition until January 20, 2004. Although Dallapiazza did file a motion in state court for postconviction relief, this motion was not filed until September 19, 2000, which is after the one-year statute of limitations had already run. On January 21, 2003, the Wisconsin Supreme Court denied Dallapiazza's petition for review. Dallapiazza then waited nearly a year before filing his present petition. Thus, by not filing his petition until January 20, 2004, Dallapiazza was more than a year beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Therefore, Dallapiazza's petition shall be denied as untimely.

**IT IS THEREFORE ORDERED** that Dallapiazza's petition is **denied** as untimely. The clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this <u>29th</u> day of December, 2006.

s/AARON E. GOODSTEIN
U.S. Magistrate Judge
